**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER L. GEISEWITE,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | **A-10-CA-615-SS** |
| | § | |
| **RICK THALER,**[1] | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| Respondent. | § | |

<u>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

To:     The Honorable Sam Sparks, United States District Judge

     The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

     Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

<u>**I.  STATEMENT OF THE CASE**</u>

A.     **Petitioner's Criminal History**

     According to Petitioner, the Director has custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas. Petitioner asserts he was

---

[1] Although Petitioner named Nathaniel Quarterman as Respondent, Rick Thaler, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

convicted of aggravated sexual assault and was sentenced to 18 years in prison on July 11, 2006, after his probation was revoked. Petitioner indicates he did not appeal his conviction or revocation of probation.  He did, however, challenge his conviction or revocation of probation in a state application for habeas corpus relief.  Petitioner indicates he filed the application on May 14, 2007. The Texas Court of Criminal Appeals dismissed the application on December 12, 2007.  Ex parte Geisewite, Appl. No. 68,931-01.

**B.**    **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    Petitioner received ineffective assistance of counsel;

2.    He was illegally sentenced, because there was insufficient evidence to revoke his probation;

3.    His due process rights were violated with regard to the revocation of his probation; and

4.    His plea of guilty was unlawfully induced.

## II.   DISCUSSION AND ANALYSIS

**A.**    **Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Petitioner's conviction became final, at the latest, on August 10, 2006, at the conclusion of time during which he could have appealed his conviction.  See Tex. R. App. P. 26.2(a).  At the time Petitioner filed his state application for habeas corpus relief on May 14, 2007, only 88 days remained of the one-year limitations period.  The Texas Court of Criminal Appeals dismissed Petitioner's application on December 12, 2007.  Therefore, Petitioner had until March 9, 2008, to timely file his federal application.  Petitioner did not execute his federal application until August 12, 2010, more than two years after the limitations period expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

4

## V.  OBJECTIONS

The  parties  may  file  objections  to  this  Report  and  Recommendation.    A  party  filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall  bar  that  party  from  de  novo  review  by  the  district  court  of  the  proposed  findings  and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To  the  extent  that  a  party  has  not  been  served  by  the  Clerk  with  this  Report  and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of August, 2010.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE